IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN W. STOREY and SUZANNE L. STOREY, as Administrators of the Estate of JOHN JARED STOREY, <br><br> Plaintiffs, <br><br> v. <br><br> OWNERS INSURANCE COMPANY, AUTO-OWNERS INSURANCE COMPANY, and FRANCINA SWINTON, <br><br> Defendants. | CIVIL ACTION FILE NO.: _____ <br><br> Removed from the State Court of Gwinnett County, Georgia No.: 17-C-01208-S6 |

## NOTICE OF REMOVAL

Defendants Owners Insurance Company and Auto-Owners Insurance Company remove this action to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1332 and 1441. Plaintiffs are completely diverse from the properly-joined defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

29399185 v1

## INTRODUCTION

This case arises from Plaintiffs' dissatisfaction with a tort-claim settlement agreement they reached with Marietta Motorsports for its liability insurance policy limits. Rather than sue Marietta Motorsports to rescind the agreement, Plaintiffs sued Marietta Motorsports' insurers and "underwriting manager" Francina Swinton. Plaintiffs allege that these defendants misrepresented the cancellation of an umbrella insurance policy that may have provided more coverage for Plaintiffs' tort claims against Marietta Motorsports, and that these misrepresentations color state-law claims for Georgia RICO Act violations, negligent misrepresentation, and fraud.

Plaintiffs and the insurers are completely diverse. Plaintiffs fraudulently-joined Ms. Swinton to this action to destroy diversity jurisdiction, as they cannot state a possible claim against her.

Plaintiffs' cannot state possible claims against Ms. Swinton for at least three reasons: (1) Plaintiffs executed a settlement agreement with Marietta Motorsports releasing its insurers and their employees from all claims; (2) Ms. Swinton does not owe the Plaintiffs any contractual or legal duty; and (3) Plaintiffs fail to allege a qualifying enterprise and/or pattern of racketeering activity sufficient to state a

Georgia RICO Act claim. The Court should therefore disregard Ms. Swinton's citizenship and exercise jurisdiction of this case.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that non-party Marietta Motorsports negligently adjusted the carburetor on John Jared Storey's ("Jared") motor bike. (Compl. ¶¶ 11-13). Plaintiffs allege that Marietta Motorsports' negligence caused the motor bike to malfunction during a jump and injure Jared on March 9, 2014. (Compl. ¶ 14). Jared died from his injuries on December 10, 2015. (Compl. ¶ 37).

Though they filed no suit, Plaintiffs made demands on Marietta Motorsports and its insurers for compensation. Plaintiffs settled their claims against Marietta Motorsports for the limits of Marietta Motorsports' liability insurance policy in December 2015. (Compl. ¶ 35).

Plaintiffs allege that the insurers made statements about the cancellation of an umbrella insurance policy during Plaintiffs' settlement negotiations with Marietta Motorsports. Plaintiffs conclude that, despite the statements, the insurers did not cancel the policy according to its own terms. Plaintiffs allege that they detrimentally relied on the insurers' cancellation statements to settle for "$1,000,000 when they would have only accepted $2,000,000 had they been rightfully informed of the actual coverages[.]" (Compl. ¶¶ 28-42, 75). Plaintiffs

acknowledge, however, that they had actual notice and copies of the umbrella policy and cancellation documents before they settled with Marietta Motorsports. (*See* Compl. ¶ 32 ("Attached to [an] October 16, 2015 email, coverage counsel for [the insurers] provided a copy of the Umbrella policy as well as the referenced cancellation[.]")).

This case is removable because Plaintiffs are completely diverse from the insurers, and because the face of Plaintiffs' complaint purports an amount in controversy exceeding $75,000. Though Ms. Swinton is alleged to be a Georgia citizen, she is fraudulently-joined to this action. The Court should therefore disregard her citizenship in determining and exercising its diversity jurisdiction.

## PROCEDURAL REQUIREMENTS

1.     Plaintiffs filed this action in the State Court of Gwinnett County, Georgia (17-C-01208-S6), on March 6, 2017. This notice is timely filed within 30 days of the last-served defendant's receipt of Plaintiffs' complaint and summons. *See* 28 U.S.C. § 1446(b) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint); *Bailey v. Janssen Pharmaceutica, Inc.*, 536

F.3d 1202 (11th Cir. 2008) (recognizing removal deadline runs from date of service on last-served defendant in multi-defendant litigation).

2.  True and correct copies of all process, pleadings, and orders in the state court action are attached hereto as Exhibit "A" as required by 28 U.S.C. § 1446.

3.  The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal district and division embracing the State Court of Gwinnett County, Georgia. *See* 28 U.S.C. §§ 90(a)(2) and 1441(a).

4.  Defendants are giving prompt written notice of this *Notice of Removal* to Plaintiffs and the State Court of Gwinnett County as required by 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

### A.  Citizenship

5.  Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Removal based on diversity jurisdiction is possible "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606 (2005).

### i.     Plaintiffs and the insurers are completely diverse.

6.     Plaintiffs filed this action as the administrators of Jared's estate. Plaintiffs and Jared's estate are citizens of Georgia. (Compl. ¶¶ 1-2). *See* 28 U.S.C. §1331(c)(2) (stating that legal representatives of estate shall be citizens "only of the same State as the decedent"); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent …[where] she was domiciled at the time of her death").

7.     Owners Insurance Company is organized under Ohio law with its principal place of business in Michigan. (Compl. ¶ 3). Owners Insurance Company is not a citizen of Georgia.

8.     Auto-Owners Insurance Company is organized under Michigan law with its principal place of business in Michigan. (Compl.¶ 4) Auto-Owners Insurance Company is not a citizen of Georgia.[1]

---

[1]     Section 1332(c) states that "in any direct action against the insurer of a policy or contract of liability insurance … such insurer shall be deemed a citizen of … every State and foreign state of which the insured is citizen[.]" 28 U.S.C. § 1332(c)(1)(A). Plaintiffs' action is not a "direct action" within the meaning of section 1332(c). *See Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) ("But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability

### ii.     Plaintiffs fraudulently-joined Ms. Swinton to this action.

9. Plaintiffs allege that "upon information and belief, [Francina Swinton] presently resides at … Gwinnett County, Dacula, Georgia[.]" (Compl. ¶ 5). Removal is proper despite Ms. Swinton's alleged citizenship, because Plaintiffs cannot state a possible claim against her. Plaintiffs fraudulently-joined Ms. Swinton to this action to destroy diversity jurisdiction.[2] *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (stating that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity [where] … there is no possibility that the plaintiff can prove a cause of action against the resident defendant[.]") (citations and punctuation omitted).

10. Plaintiffs only allege that Ms. Swinton executed an "Affidavit of Insurance [on behalf of the insurers] indicating and affirming that [the] Umbrella

---

insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction.") (citations omitted). Marietta Motorsports' Georgia citizenship is not imputed to the insurers.

[2]     Though fraudulently-joined to this action, Ms. Swinton consents to and joins this Notice of Removal. Attached hereto as Exhibit "B" is Ms. Swinton's *Joinder in Notice of Removal*. *See* 28 U.S.C. § 1446(a) (requiring all defendants to join in notice of removal); *Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1235-36 (11th Cir. 2003).

policy … was effectively canceled … and did not provide coverage for the loss." (Compl. ¶ 41). Plaintiffs conclude that the insurers did not properly cancel the umbrella policy under its own terms,[3] and that the *Affidavit of Insurance* consequently contains false information. (Compl. ¶¶ 43-45). Plaintiffs allege that the defendants' execution and transmission of the *Affidavit of Insurance* and other coverage disclosures therefore constitute mail fraud, wire fraud, and "false statements and writings" sufficient to support a Georgia civil RICO claim.[4] Plaintiffs make these allegations despite obtaining a copy of the umbrella policy and cancellation documents before settling and releasing their liability claims with Marietta Motorsports. (Compl. ¶ 32).  Plaintiffs' allegations about Ms. Swinton's conduct do not color a possible claim against her.

---

[3] As strangers to the insurance policy, Plaintiffs lack standing to challenge the insurer defendants' performance thereunder. The question of whether the insurer defendants performed under the policy instead inures to Marietta Motorsports. *See Bouboulis v. Scottsdale Ins. Co.*, 860 F.Supp. 2d 1364 (N.D. Ga. 2012) ("As a general rule, liability claimants are not usually regarded as third-party beneficiaries of liability policies.) (citation omitted).

[4] Plaintiffs indiscriminately assert claims for Georgia RICO Act violations, negligent misrepresentation, and fraud and deceit against the "defendants." As for Ms. Swinton, however, Plaintiffs only *specifically* allege that she executed an *Affidavit of Insurance* "in her capacity as underwriting manager … indicating and affirming that the Umbrella policy … was effectively canceled … and did not provide coverage for the loss." (Compl. ¶¶ 40, 41).

### a. Plaintiffs released their claims against Ms. Swinton.

11. Plaintiffs' allegations, which the defendants deny, do not support a plausible cause of action against any defendant, and *cannot* support a cause of action against Ms. Swinton for several reasons. First, Plaintiffs settled and released their potential tort claims against Marietta Motorsports, specifically releasing its insurers and insurers' employees. If Plaintiffs wish to rescind and renegotiate that settlement, they must do so through an action against Marietta Motorsports, not a RICO lawsuit against Marietta Motorsports' insurers and Ms. Swinton for alleged misrepresentations. *See Daniel v. Conrad*, 242 Ga. 119, 249 S.E.2d 603 (1978) ("Because no fiduciary relationship exists between a claimant and the insured's insurance carrier, a release obtained by the insurance agent is binding on the claimant even if the statements and representations made by the agent were incorrect or erroneous[.]").

### b. Ms. Swinton owes the Plaintiffs no duty.

12. Second, Ms. Swinton owes the Plaintiffs no contractual or legal duty as an underwriter for the insurer defendants, who themselves owe Plaintiffs no contractual or legal duty as non-party Marietta Motorsports' insurers. *See*, *e.g.*, *Superior Ins. Co. v. Dawkins*, 229 Ga. App. 45, 494 S.E.2d 208 (1997) (finding that automobile liability insurer owed no duty to accident victim to give accurate

-9-

29399185 v1

legal advice regarding effect of release on claim for underinsured motorist); *Fincher v. Dempsey*, 209 Ga. App. 222, 433 S.E.2d 78 (1993) ("It is clear that no fiduciary relationship exists between one having a claim against an insured and the agent of a liability carrier who seeks settlement of the claim") (citation omitted). Ms. Swinton cannot be liable for breaching a negligence or other duty to Plaintiffs that she does not owe them.

    **c. Plaintiffs do not state a Georgia RICO Act claim against Ms. Swinton as a matter of law.**

13. Third, Plaintiffs cannot state a possible Georgia RICO Act claim against Ms. Swinton. Georgia's RICO statute makes it unlawful "for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." O.C.G.A. § 16-14-4(a). Under this section, "person" can mean a corporation or unincorporated association. *Williams Gen. Corp. v. Stone*, 280 Ga. 631, 631-32, 632 S.E.2d 376 (2006). Separately, Georgia's RICO statute makes it unlawful for "any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity." O.C.G.A. § 16-14-4(b). "Enterprise" means any legal entity or group of individuals associated in fact. O.C.G.A. § 16-14-3(3).

Here, Plaintiffs indiscriminately allege that the "defendants," including Ms. Swinton, violated Georgia's RICO Act by misrepresenting the status of the insurers' contractual relationship with Marietta Motorsports. The Plaintiffs accordingly allege that the "person" or "enterprise" of their RICO claim is the unincorporated association of the insurers *and* Ms. Swinton, not the insurers themselves. Such an alleged racketeering enterprise - comprised of a corporation *and* its employees or agents engaging in parallel conduct - cannot support a RICO claim as a matter of law. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016) (affirming dismissal of RICO claim against corporation and its agents because "in an association-in-fact enterprise, a defendant corporation cannot be distinct for RICO purposes from its own officers, agents, and employees when those individuals are operating in their official capacities for the corporation."); *see also Almanza v. United Airlines, Inc.*, --- F.3d ---, No. 16-11048, 2017WL957191 (11th Cir. March 13, 2017) (finding no RICO "enterprise" where plaintiffs allege defendants engaged in parallel conduct).

14.     Fourth, Plaintiffs' general allegations about coverage misstatements (via mail and wire) constitute a "single extended transaction" rather than a "pattern of racketeering activity," and fail to state a Georgia RICO Act claim against any of the defendants. *See McGinnis v. Am. Home Mortgage Servicing, Inc.*, 817 F.3d

1241, 1251 (11th Cir. 2016) ("Georgia courts have long held that a single extended transaction cannot provide the basis for a Georgia RICO claim."); *Stargate Software Int'l, Inc. v. Rumph*, 224 Ga. App. 873, 877, 482 S.E.2d 498 (1997) ("The fact that elements of two crimes may have been present at two separate points in time does not create two predicate acts out of what is in reality a single transaction."). However, Plaintiffs' allegations are particularly deficient as to Ms. Swinton.

### d. Plaintiffs cannot justifiably rely on Ms. Swinton's statements about the umbrella policy.

15.  Fifth, Ms. Swinton's execution of the affidavit for and on behalf of the insurers, concerning the insurers' contractual relationship with non-party Marietta Motorsports, does not expose Ms. Swinton to personal fraud or negligence liability to Plaintiffs. *See Plane v. Uniforce MIS Servs. of Ga., Inc.*, 232 Ga. App. 757. 760, 503 S.E.2d 621 (1998) (recognizing that individual's capacity as "officer and owner of the corporation" does not alone render him personally liable for corporation's torts); *Sims TV, Inc. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41, 41-42, 131 S.E.2d 790 (1963) (recognizing that corporation is artificial person that can only act through its agents, and that agents' acts or omissions done within scope of employment are imputable and chargeable to corporation).

16. Plaintiffs admit that they had copies of the umbrella policy and cancellation documents before they settled their liability claims with Marietta Motorsports. (Compl. ¶ 32). Plaintiffs and Ms. Swinton were not in a special relationship that created duties of care or disclosure between them, or otherwise supports Plaintiffs' justifiable reliance on Ms. Swinton's personal statements about a policy they possessed and reviewd. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333-34 (11th Cir. 2011) (identifying special circumstances under which insurance agent can be personally liable to insured for insurer's alleged breach of contract and bad faith); *see also Allstate Ins. Co. v. Harris*, 133 Ga. App. 567, 571, 211 S.E.2d 783 (1974) ("A liability insurance company may not be held liable to a possible beneficiary under the policy who has obtained a judgment against the insured for alleged bad faith, fraud or negligence on the part of the insurer[.]"); *Dumas v. ACCC Ins. Co.*, No. 1:09-cv-0548-WSD, 2009 WL 5209498 at *6 (N.D. Ga. April 6, 2009) (finding plaintiff fraudulently-joined individual insurance adjuster to action against insurer because "[a]n individual adjuster cannot be held individually liable for breaching the duties of care and good faith owed by an insurer to its insured by virtue of the insurance contract.") *aff'd* 349 Fed. App'x 489 (11th Cir. 20009).

17. In sum, Plaintiffs cannot state a possible claim for relief against Ms. Swinton. The Court should therefore disregard Ms. Swinton's citizenship for diversity jurisdiction purposes. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant[.]").

### B.    Amount in controversy

18. Diversity jurisdiction is appropriate if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2).

19. Plaintiffs do not allege a specific amount in controversy, but seek actual damages, treble damages, punitive damages, and attorney fees from the defendants. Plaintiffs specifically allege that the defendants "deprived them of information" that "resulted in Plaintiffs agreeing to a settlement for $1,000,000 when they would have only accepted $2,000,000 had they been rightfully informed." (Compl. ¶ 88). Though defendants deny that Plaintiffs are entitled to any damages, it is facially apparent from Plaintiffs' complaint that they are demanding at least $1,000,000 in damages. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("When the complaint does not claim a specific

amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount.") (citations and punctuation omitted); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.") (citation omitted).

## CONCLUSION

Plaintiffs dispute coverage representations made by the insurers during Plaintiffs' liability settlement negotiations with non-party Marietta Motorsports. Plaintiffs' actual dispute is with Marietta Motorsports, not with its insurers and the fraudulently joined "underwriting manager" Ms. Swinton. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

Though defendants deny liability to Plaintiffs, the insurers alone would be able to pay any judgment. There is therefore no financial or other obvious incentive to name Ms. Swinton as a defendant in this action, save to destroy diversity jurisdiction. *See Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *7 (N.D. Tex. Sept. 24, 2014) (stating that absence of

plausible financial reason for naming resident personal defendant in action against insurer is "badge of improper joinder"); *see also Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (stating that the federal courts should "not sanction devises intended to prevent a removal to a Federal court where one has that right") (internal quotation omitted).

This Court should accept and exercise jurisdiction of this action because Plaintiffs and the properly joined defendants are completely diverse, and because an amount in controversy exceeding $75,000 is facially apparent from Plaintiffs' complaint.

Respectfully submitted this 6th day of April, 2017.

                               */s/ Louis G. Fiorilla*
                               Louis G. Fiorilla
                               Georgia Bar No. 910188
                               lfiorilla@burr.com
                               Gregory F. Harley
                               Georgia Bar No. 326815
                               gharley@burr.com

                               *Counsel for Owners Insurance Company and Auto-Owners Insurance Company*

BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

29399185 v1

## CERTIFICATION OF COUNSEL

I hereby certify that I prepared the foregoing **NOTICE OF REMOVAL** with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

>
> */s/ Louis G. Fiorilla*
> Louis G. Fiorilla
> Georgia Bar No. 910188
> lfiorilla@burr.com

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

29399185 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2017, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically forward a service copy of this document to the following, and by U.S. Mail:

Andrew B. Cash
Shane E. Bartlett
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, N.E.
Atlanta, Georgia  30042
Telephone:  (404) 659-1710
Facsimile:  (404) 264-1149
*Attorneys for Plaintiffs*

Laura K. Vickery
The Vickery Law Firm
138 Bulloch Avenue
Roswell, Georgia  30075
Telephone:  (404) 593-2680
Facsimile:  (844) 303-2003
*Attorneys for Plaintiffs*

> */s/ Louis G. Fiorilla*
> Louis G. Fiorilla
> Georgia Bar No. 910188
> lfiorilla@burr.com

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

29399185 v1